1  XAVIER BECERRA
   Attorney General of California
2  MICHELLE M. MITCHELL
   Supervising Deputy Attorney General
3  CHAD A. STEGEMAN
   Deputy Attorney General
4  State Bar No. 225745
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3624
6    Fax:  (415) 703-5843
     E-mail:  Chad.Stegeman@doj.ca.gov
7  *Attorneys for Defendant Xavier Becerra, in*
   *his official capacity*
8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

13  **JANE DOE, an individual,**                  2:20-cv-04525-JAK-PVC

                                   Plaintiff,     **DEFENDANT BECERRA'S**
14                                                **NOTICE OF MOTION AND**
              **v.**                              **MOTION TO DISMISS;**
15                                                **MEMORANDUM OF POINTS AND**
                                                  **AUTHORITIES**
16  **GAVIN NEWSOM, in his official**
    **capacity as the Governor of**
17  **California;**                               Hearing Date: November 23, 2020
    **XAVIER BECERRA, in his official**           Time:         8:30 a.m.
18  **capacity as the Attorney General of**       Judge:        John A. Kronstadt
    **California,**                               Location:     Courtroom 10B
19
                                   Defendants.    Action Filed:  May 20, 2020
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities ................................................................. 1

Introduction .............................................................................................................. 1

Relevant factual allegations .................................................................................... 3

    I.     Plaintiff and Her Claims for Relief. ........................................................ 3

    II.    California Penal Code Section 739. ......................................................... 4

    III.   Marsy's Law and Crime Victims' Rights in California. ............................ 5

Legal Standard ......................................................................................................... 5

    I.  Federal Rule of Civil Procedure 12(b)(1). ............................................... 5

    II.  Federal Rule of Civil Procedure 12(b)(6). ............................................... 6

Argument .................................................................................................................. 7

    I.    Plaintiff Has No Judicially Cognizable Interest in the Prosecution of Others, and Therefore Lacks Article III Standing. ....................................... 7

    II.  Plaintiff Fails to State any Plausible Claim. .......................................... 10

       A.  Plaintiff's Complaint Fails to State an Equal-Protection Claim Under the United States or California Constitutions. .......................... 10

       B.  The Complaint Fails to State a Claim Under Marsy's Law. ............... 13

       C.  Plaintiff's Complaint Fails to State a Judiciable Prayer for Relief. ........... 16

Conclusion ............................................................................................................. 17

i

1

## TABLE OF AUTHORITIES

2

**Page**

3

4

**CASES**

5

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ......................................................................... 6

6

7

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ......................................................................... 6

8

9

*Chorn v. Workers' Comp. Appeals Bd*.
    245 Cal. App. 4th 1370 (2016) ..................................................... 12

10

11

*City of Cleburne v. Cleburne Living Ctr.*
    473 U.S. 432 (1985) ....................................................................... 11

12

13

*Clegg v. Cult Awareness Network*
    18 F.3d 752 (9th Cir. 1994) ...................................................... 6, 15

14

15

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011) ........................................................ 6

16

17

*Dix v. Sup. Ct.*
    53 Cal. 3d 442 (1991) ...................................................................... 9

18

*Dohaish v. Tooley*
    670 F.2d 934 (10th Cir. 1982) ........................................................ 8

19

20

*Gananian v. Wagstaffe*
    199 Cal. App. 4th 1532 (2011) ..................................... 9, 12, 13, 15

21

22

*Gregory v. Ashcroft*
    501 U.S. 452 (1991) ........................................................................ 9

23

24

*Jackson v. Carey*
    353 F.3d 750 (9th Cir. 2003) .......................................................... 6

25

26

*Johnson v. MacCoy*
    278 F.2d 37 (9th Cir. 1960) ...................................................... 4, 17

27

28

*Johnson v. Riverside Healthcare Sys., LP*
    534 F.3d 1116 (9th Cir. 2008) ........................................................ 6

ii

1

2

## TABLE OF AUTHORITIES
### (continued)

Page

3

4

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ................................................................... 6

5

6

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001) ..................................................... 11

7

8

*Linda R.S. v. Richard D. and Texas, et al.*
   410 U.S. 614 (1973) ............................................................ 7, 8, 9

9

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992) ............................................................. 7, 10

10

11

*Manduley v. Superior Court*
   27 Cal. 4th 537 (Cal. 2002) ................................................ 11, 13

12

13

14

*McKinney v. Cty. of Imperial*
   No. CV 18-7198 JAK (FFM), 2019 WL 384323 (C.D. Cal. Jan. 3,
   2019) ....................................................................................... 9

15

16

*McKinney v. Cty. of Imperial*
   No. CV 18-7198 JAK (FFM), 2019 WL 367826 (C.D. Cal. Jan. 30,
   2019) ....................................................................................... 9

17

18

*Parkhurst v. Tabor*
   569 F.3d 869 (8th Cir. 2009) ..................................................... 8

19

20

*People v. Bucio*
   48 Cal. App. 5th 300 (2020) .................................................... 14

21

22

*People v. Cimarusti*
   81 Cal. App. 3d 314 (1978) ....................................................... 9

23

24

*People v. Dehle*
   166 Cal. App. 4th 1380 (2008) .................................................. 1

25

26

*People v. Lamoreux*
   42 Cal. App. 5th 241 (2019) .................................................... 14

27

*People v. Superior Court*
   19 Cal. 3d 255 (1983) ............................................................. 13

28

iii

## TABLE OF AUTHORITIES
### (continued)

Page

*Rwy. Labor Execs. Ass'n v. Dole*
   760 F.2d 1021 (9th Cir. 1985)...........................................................................8

*Safe Air for Everyone v. Meyer*
   373 F.3d 1035 (9th Cir. 2004)...........................................................................5

*San Antonio Independent School District v. Rodriguez*
   411 U.S. 1 (1972) ............................................................................................11

*Savage v. Glendale Union High Sch.*
   343 F.3d 1036 (9th Cir. 2003)...........................................................................5

*Scott v. Breeland*
   792 F.2d 925 (9th Cir. 1986).............................................................................6

*SeaRiver Maritime Financial Holdings, Inc. v. Mineta*
   309 F.3d 662 (9th Cir. 2002)...........................................................................11

*Thornton v. City of St. Helens*
   425 F.3d 1158 (9th Cir. 2005).........................................................................11

*Tomei v. Hawaii*
   No. 12-00047, 2012 WL 300567 (D. Haw. Jan. 31, 2012)................................8

*Turner v. Diaz*
   No. CV 20-0830-AB (KS), 2020 WL 1233746 (C.D. Cal. Mar. 12,
   2020)..................................................................................................................8

*Village of Willowbrook v. Olech*
   528 U.S. 562 (2000) ........................................................................................11

*Watison v. Carter*
   668 F.3d 1108 (9th Cir. 2012)...........................................................................6

*Younger v. Harris*
   401 U.S. 37 (1971) ............................................................................................9

STATUTES

2008 Cal. Legis. Serv. Prop. 9, § 3 ........................................................................5

iv

Becerra Notice of Mot. and Mot. to Dismiss; Memo. P & A (2:20-cv-04525-JAK(PVCx))

**TABLE OF AUTHORITIES**
**(continued)**

Page

California Code of Civil Procedure
§ 335.1 ...................................................................................................... 17

California Government Code
§ 12510 ................................................................................................. 9, 12
§ 12511 ................................................................................................. 9, 12
§ 26500 ...................................................................................................... 13

California Penal Code
§ 739 .................................................................................................. *passim*
§ 849 .......................................................................................................... 4
§ 849(a) ................................................................................................. 4, 17
§ 1170.95 ................................................................................................... 14

Victim's Bill of Rights Act of 2008 (Marsy's Law) ....................................... *passim*
Marsy's Law § 28(a) ................................................................... 13, 14, 15
Marsy's Law § 28(b)(1) ...................................................................... 16

**CONSTITUTIONAL PROVISIONS**

California Constitution
Article I, § 7 .............................................................................................. 10
Article I, § 28(a) ........................................................................................ 14
Article I, § 28(a)(3) .................................................................................... 14
Article I, § 28(b)(1) .................................................................................... 16
Article I, § 28(b)(1)-(17) ............................................................................. 5
Article I, § 28(c)(1) ............................................................................... 5, 14
Article III .............................................................................................. 2, 7
Article III, § 3 ............................................................................................. 9
Article V, § 13 ..................................................................................... *passim*
Article V, § 13 ........................................................................................... 15

United States Constitution
Fourteenth Amendment ................................................................... 3, 10, 11

**COURT RULES**

Federal Rules of Civil Procedure
Rule 12(b)(1) ...................................................................................... 1, 5, 6
Rule 12(b)(6) ........................................................................................... 1, 6

v

Becerra Notice of Mot. and Mot. to Dismiss; Memo. P & A (2:20-cv-04525-JAK(PVCx))

**NOTICE OF MOTION**

TO PLAINTIFF, *IN PRO SE*:

PLEASE TAKE NOTICE THAT, on November 23, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable John A. Kronstadt, United States District Judge, in Courtroom 10B of the United States District Court for the Central District of California, located at the First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendant Attorney General Xavier Becerra (Defendant) will move this Court to dismiss all claims against him in this action, without leave to amend Plaintiff's Complaint for Declaratory and Injunctive Relief, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

The Attorney General seeks dismissal on the grounds that: (1) Plaintiff lacks standing to bring this action; and (2) the complaint fails to allege facts sufficient to state a claim for relief on any theory.  This motion is made following the conference of Plaintiff and defense counsel pursuant to L.R. 7-3, which took place on June 22, 2020.

This motion is based on this Notice, the Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such matters as may be presented to the Court at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

While it is true that the State of California "does not authorize private prosecutions," *People v. Dehle*, 166 Cal. App. 4th 1380, 1386 (2008), it is no different from almost any other state or the federal government in this prohibition, and Plaintiff's claim that a "monopoly on prosecution" violates a right cannot survive a motion to dismiss.  In fact, her base premise that California Penal Code section 739 (Section 739) unconstitutionally bars her from the criminal or any other part of the justice system is incorrect.  Section 739 only addresses duties of district

1

attorneys to file an information against a criminal defendant based on the order of commitment or as shown by the evidence taken before a magistrate, adding that the information shall be brought "in the name of the people of the State of California." Cal. Penal Code § 739.  And her assertion that enjoining this provision will lift the State's "monopoly on criminal prosecution," thereby allowing her to bring a private prosecution against her alleged attackers, does not follow.  (Compl. ¶ 223.)  The fact is, the California Constitution specifically vests the power to criminally prosecute individuals in the Attorney General and district attorneys.  This assignment of authority does not conflict with federal or state equal-protection clauses or Marsy's Law.

To begin, this action should be dismissed for lack of standing.  A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of a third party.  In the absence of such an interest, Plaintiff lacks Article III standing to seek a mandatory injunction forcing the Attorney General to prosecute anyone or for an injunction that allows her or any one else to prosecute a third party.

Even if Doe were correct, and enjoining Section 739 would effectuate the relief she seeks—it would not—she does not allege that Defendant acted with an intent or purpose to discriminate against her based upon membership in a protected class, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Californians are treated the same in relation to Section 739.  Doe's own assertion that California has a monopoly on criminal prosecution defeats her theory that she is part of a class that is being discriminated against—no private individual is allowed to criminally prosecute another individual.  She does not and cannot make an equal-protection claim under federal or California law.  And she has pointed to no portion of Marsy's Law that conflicts with Section 739 and allows her to force Governor

Newsom, who has not been served in this case,[1] or Attorney General Becerra to prosecute two alleged perpetrators or allows her to prosecute them in a criminal proceeding.  Moreover, she does have remedies at law, civil tort claims, that could afford her some relief from her attackers.

## RELEVANT FACTUAL ALLEGATIONS

### I.   PLAINTIFF AND HER CLAIMS FOR RELIEF.

Plaintiff Doe is a resident of Los Angeles County (Compl. ¶ 8), and she alleges details of several experiences as a victim of sexual assault, frustration from efforts to persuade police and prosecutors in several counties to take further action, and statistics about sexual assault prosecution.  (Compl. ¶¶ 6, 19-43, 47-208.)

Plaintiff contends that, by preventing crime victims from initiating their own criminal cases, Section 739 "leaves them zero alternative remedy in cases where law enforcement personnel have failed crime victims," (Compl. ¶ 1), thus discriminating against them and "obstruct[ing] their ability to pursue criminal justice and seek accountability."  (Compl. ¶ 5; *see also* Compl. ¶ 211.)  Plaintiff alleges further that Defendant is responsible for enforcing Section 739 (Compl. ¶¶ 9-10), and that his enforcement of Section 739 and "law enforcement personnel's failure on their duties" subject Plaintiff and other victims to continuing risk of harm from perpetrators.  (Compl. ¶ 7.)  Because she believes Section 739 "discriminates against Plaintiff in her exercise of a fundamental right without adequate justification" (Compl. ¶ 3), she "brings this case to vindicate her constitutional right to equal protection of the law, and to vindicate the rights of all other crime victims in California . . . ."  (Compl. ¶ 4.)  Therefore, she seeks relief including: (1) a declaration that Section 739 is facially unconstitutional under the Equal Protection Clauses of the United States and California Constitutions, as well as under the

---

[1] The only proof of service on record, though incorrectly filled out, shows service of process at the Los Angeles office of the Department of Justice.  (*See* ECF No. 13.)  Given Plaintiff's pro se status, Counsel verified in written communications with Plaintiff that this is the only service of process she has effectuated, and Counsel noted that Governor Newsom has not been served.

3

Becerra Notice of Mot. and Mot. to Dismiss; Memo. P & A (2:20-cv-04525-JAK(PVCx))

1   Marsy's Law provisions of the California Constitution, (2) a preliminary and

2   permanent injunction compelling the Defendant to appoint prosecutors to

3   investigate Plaintiff's sexual assault allegations, and (3) preliminary and permanent

4   enjoinment of Defendant's enforcement of Section 739.  (Compl. at 36, Prayer for

5   Relief ¶¶ 1-3.)

6   **II.   CALIFORNIA PENAL CODE SECTION 739.**

7          Added in 1951, Section 739 does not speak to the question of private

8   prosecutions, or a state monopoly on charging and prosecuting criminal defendants.

9   Instead, it indicates that it shall be the "duty of the district attorney of the county in

10  which the offense is triable to file . . . an information against the defendant which

11  may charge the defendant with either the offense or offenses named in the order of

12  commitment or any offense or offenses shown by the evidence taken before the

13  magistrate to have been committed."  Cal. Penal Code § 739.  Section 739 does not

14  address the rights of private citizens.  And while more typically pursued by the

15  district attorney and police, the Penal and Government Codes do not prohibit

16  private citizens from "lay[ing] a complaint before a magistrate as to a possible

17  felony."  *Johnson v. MacCoy*, 278 F.2d 37, 40 (9th Cir. 1960).  Indeed, California

18  Penal Code section 849 allows for a private person to lodge a criminal complaint:

19  "When an arrest is made without a warrant by a peace officer or private person, the

20  person arrested, if not otherwise released, shall, without unnecessary delay, be

21  taken before the nearest or most accessible magistrate in the county in which the

22  offense is triable, and a complaint stating the charge against the arrested person

23  shall be laid before the magistrate."  Cal. Penal Code § 849(a).  However, private

24  individuals may not criminally prosecute other individuals, as the California

25  Constitution, not Section 739, vests exclusive prosecutorial discretion in the

26  executive branch of government, more specifically, with district attorneys overseen

27  by the Attorney General:

28

4

1
2
3
4
5
6
7

   The Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices, and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions as to the Attorney General may seem advisable. Whenever in the opinion of the Attorney General any law of the State is not being adequately enforced in any county, it shall be the duty of the Attorney General to prosecute any violations of law of which the superior court shall have jurisdiction, and in such cases the Attorney General shall have all the powers of a district attorney. When required by the public interest or directed by the Governor, the Attorney General shall assist any district attorney in the discharge of the duties of that office.

8

9   Cal. Const. art. V, § 13.

10  **III.   MARSY'S LAW AND CRIME VICTIMS' RIGHTS IN CALIFORNIA.**

11       In 2008, California voters approved Proposition 9, the "Victim's Bill of Rights

12  Act of 2008: Marsy's Law" in an effort to "[p]rovide victims with rights to justice

13  and due process." 2008 Cal. Legis. Serv. Prop. 9, § 3 Statement of Purposes and

14  Intent. As relevant to this suit, the Bill amended the California Constitution by

15  granting crime victims particular rights in the criminal justice process, Cal. Const.

16  art. I, § 28(b)(1)-(17), which were made enforceable in trial or appellate courts with

17  appropriate jurisdiction. *Id.* art. I, § 28 (c)(1). These rights do not include a private

18  right to prosecute or to compel prosecution of third parties.

19                          **LEGAL STANDARD**

20  **I.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1).**

21       A motion to dismiss under Federal Rule of Civil Procedure rule 12(b)(1) tests

22  the subject matter jurisdiction of the Court. *See, e.g., Savage v. Glendale Union*

23  *High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Motions under Rule 12(b)(1)

24  may be either "facial," as here, or "factual." *Safe Air for Everyone v. Meyer*, 373

25  F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

26  2000)). In a facial attack, the movant argues that the allegations of a complaint are

27  insufficient to establish federal jurisdiction. *Id.*

28

5

When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the Court presumes lack of subject matter jurisdiction until the plaintiff proves otherwise in response to a Rule 12(b)(1) motion to dismiss. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994).

## II.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if the complaint lacks a cognizable legal theory or lacks sufficient facts alleged under a cognizable legal theory. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011); *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). To state a claim for relief, a plaintiff must plead more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Id*. A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint may have alleged but has failed to show that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Where the facts pled are only consistent with the defendant's liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678 (internal citations omitted).

Dismissal without leave to amend is appropriate when the deficiencies in the complaint cannot be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *see also Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012)

6

(dismissal with prejudice is appropriate if the district court "determines that the pleading could not possibly be cured by the allegation of other facts" (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995))).

## ARGUMENT

**I.   PLAINTIFF HAS NO JUDICIALLY COGNIZABLE INTEREST IN THE PROSECUTION OF OTHERS, AND THEREFORE LACKS ARTICLE III STANDING.**

Standing is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Article III standing requires a plaintiff to demonstrate: (1) an injury in fact; (2) a causal connection; and (3) redressability. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 560 (citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be 'fairly traceable to the challenged action of the defendant, and not th[e] result [of] the independent action of some third party not before the court.'" *Id*. "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Id*. at 561 (citations omitted). Here, Plaintiff fails the standing requirement at the first step of the inquiry. Because, as noted above, private citizens have no "judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D. and Texas, et al*., 410 U.S. 614, 619 (1973), plaintiff cannot allege an injury in fact sufficient to confer standing to sue the Attorney General.

*Linda R.S.* stemmed from a mother's demand that local prosecutors bring charges against her children's father (for failing to pay child support) and a subsequent action for an injunction "running against the district attorney forbidding him from declining prosecution . . . ." 410 U.S. at 615-16. The Supreme Court upheld dismissal of the case because a "citizen lacks standing to contest the policies

7

of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."  *Id*. at 619; *see also id*. at 620 (White, J., dissenting) (agreeing with the majority that, "[o]bviously, there are serious difficulties with appellant's complaint insofar as it may be construed as seeking to require [the district attorney] to prosecute Richard D. or others").  Similarly, in *Parkhurst v. Tabor*, 569 F.3d 869 (8th Cir. 2009), the mother of a minor child sued prosecutors for refusing to charge the child's father with sexual abuse, and the case was dismissed for lack of standing.  The Eighth Circuit affirmed, holding that, under *Linda R.S.*, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  569 F.3d at 866 (internal quotations and citation omitted).  "The absence of this right, according to the [Supreme] Court, stems from the special status of criminal prosecutions in our system, which rejects a direct nexus between the vindication of [victims'] interest[s] and enforcement of the State's criminal laws." *Id*.  In yet another example, the Tenth Circuit held that a homicide victim's father could not maintain an action to compel the State District Attorney to prosecute the killer.  *Dohaish v. Tooley*, 670 F.2d 934, 936-37 (10th Cir. 1982); *see also*, *e.g.*, *In re Flynn*, No. 20-5143, ECF No. 1848728 at 5 (D.C. Cir. June 24, 2020) ("'decisions to dismiss pending criminal charges—no less than decisions to initiate charges and to identify which charges to bring—lie squarely within the ken of prosecutorial discretion.'" (quoting *United States v. Fokker* Servs. B.V., 818 F.3d 733, 742 (D.C. Cir. 2016)); *Rwy. Labor Execs. Ass'n v. Dole*, 760 F.2d 1021, 1024 (9th Cir. 1985) (holding, based on *Linda R.S.*, that plaintiffs had no standing to seek an injunction forcing federal officials to investigate and prosecute railroad safety violations); *Tomei v. Hawaii*, No. 12-00047, 2012 WL 300567, at *9 (D. Haw. Jan. 31, 2012) (holding that alleged rape victim lacked standing to sue police for failing to investigate and prosecute her alleged attackers); *Turner v. Diaz*, No. CV 20-0830-AB (KS), 2020 WL 1233746, at *2 (C.D. Cal. Mar. 12, 2020) (a private citizen like Petitioner lacks standing to compel a criminal investigation or

8

prosecution of another person); *McKinney v. Cty. of Imperial*, No. CV 18-7198 JAK (FFM), 2019 WL 384323, at *4 (C.D. Cal. Jan. 3, 2019), *report and recommendation adopted*, No. CV 18-7198 JAK (FFM), 2019 WL 367826 (C.D. Cal. Jan. 30, 2019) (a crime victim does not have a constitutional right to compel the prosecution of a particular crime or person.).  *Linda R.S.* and its progeny control the outcome here and require dismissal of Plaintiff's claims against the Attorney General for lack of standing.[2]

---

[2] The California Supreme Court has similarly held that "neither a crime victim nor any other citizen has a legally enforceable interest, public or private, in the commencement, conduct, or outcome of criminal proceedings against another." *Dix v. Sup. Ct.*, 53 Cal. 3d 442, 450 (1991).  Indeed, the Attorney General has an affirmative obligation to maintain strict independence in deciding whether to investigate or press charges, *i.e.*, to exercise "exclusive professional discretion over the prosecutorial function."  *Id*. at 453.

This "bedrock principle" of prosecutorial discretion is rooted in the California Constitution, which provides that "the investigation and prosecution of crimes is an executive branch function, supervised by the state Attorney General and executed by the state's district attorneys."  *Gananian v. Wagstaffe*, 199 Cal. App. 4th 1532, 1541, 1542 (2011) (citing Cal. Const. art. V, § 13).  The Attorney General, as the head of the California Department of Justice, is vested with discretionary power in determining whether to investigate or prosecute in any particular case.  *See* Cal. Const. art. V, § 13; Cal. Gov't Code §§ 12510 and 12511.  "*An unbroken line of cases in California* has recognized this discretion and its insulation from control by the courts . . . ."  *Gananian*, 199 Cal. App. 4th at 1543 (*quoting People v. Mun. Ct.*, 27 Cal. App. 3d 193, 207 (1972) (emphasis in original)).  Thus, an "attempt by the court to interfere with the prosecutorial function of the Attorney General raises serious questions concerning the separation of powers under article III, section 3, of the California Constitution . . . .  Clearly the charging function of the criminal process is within the exclusive control of the executive."  *People v. Cimarusti*, 81 Cal. App. 3d 314, 322 (1978) (citations omitted).

Here, the injunction Plaintiff seeks invites not only judicial interference with the prosecutorial function, but also raises constitutional concerns respecting the proper balance of authority between the state and federal governments.  *See Gregory v. Ashcroft*, 501 U.S. 452 (1991) (explaining the constitutional requirement of maintaining a "healthy balance of power between the States and the Federal Government"); *see also Younger v. Harris*, 401 U.S. 37, 43 (1971)

9

Additionally, it is not likely that Plaintiffs' complaint about the State's monopoly on prosecutions will be redressed by a favorable decision enjoining Section 739, as required by *Lujan*. *See* 504 U.S. at 561. As noted in greater detail below (Part II.C.), enjoining Section 739 will not allow private citizens to initiate criminal prosecutions. This discretion is reserved for the Attorney General and district attorneys throughout the state by the California Constitution. Cal. Const. art. V, § 13. Enjoining Section 739 will not change the mandate of the Constitution, and will not effect the relief Plaintiff seeks.

## II.   PLAINTIFF FAILS TO STATE ANY PLAUSIBLE CLAIM.

### A.   Plaintiff's Complaint Fails to State an Equal-Protection Claim Under the United States or California Constitutions.

In her first cause of action, Plaintiff concludes that "Cal. Penal Code §739 discriminates against crime victims [under the Fourteenth Amendment of the United States] by depriving their rights to criminal justice for protection and accountability." (Compl. ¶ 211.) She makes a similar claim in her second cause of action, in which she alleges that "Cal. Penal Code §739 monopolizes criminal prosecution and constitutes a violation of Article 1, § 7 of the California Constitution." (Compl. ¶ 214.) But Plaintiff does not allege that she is part of a suspect class, that she was intentionally discriminated against by Defendant on the basis of her membership in this class, or that she was intentionally treated differently from others similarly situated. In fact, she is treated exactly the same as every other Californian under Section 739. And she cannot claim a violation of equal protection under the California Constitution where it is the same constitution that imbues the Attorney General and district attorneys with the exclusive prosecutorial discretion she complains of.

---

(explaining the "longstanding public policy against federal court interference with state court proceedings").

10

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  To state an equal-protection claim, a plaintiff must allege that she was intentionally discriminated against on the basis of membership in a protected class.  S*ee, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).  Plaintiff has made no showing that she is a member of a suspect class.

If, as is the case here, the action in question does not involve a suspect classification, a plaintiff may establish an equal-protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1 (1972); *SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).  To state an equal-protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  *Village of Willowbrook*, 528 U.S. at 564.

An equal-protection claim under the California Constitution requires that Plaintiff "first must show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." *Manduley v. Superior Court*, 27 Cal. 4th 537, 568 (Cal. 2002).  The equal-protection analysis under the

11

1   federal and state constitutions is substantially similar.  *See Chorn v. Workers'*

2   *Comp. Appeals Bd*., 245 Cal. App. 4th 1370, 1389 (2016).

3       Plaintiff's Complaint does not make any factual allegation establishing why

4   crime victims constitute a recognizable discriminatory classification under the

5   equal-protection clauses.  As to the second essential element of an equal-protection

6   claim, she fails to describe how Section 739, which on its face is neutral and does

7   not even address the ability of any private citizens to commence their own criminal

8   prosecutions whether or not they are crime victims, discriminates against the

9   alleged class of "crime victims."  (Compl. ¶ 211.)  There are also no factual

10   allegations that establish that Defendant applied Section 739 in a discriminatory

11   way against Plaintiff, and that she was intentionally treated differently from others

12   similarly situated because of Section 739.  She is, in fact, treated just like every

13   other Californian under Section 739.  However, it is not Section 739 that creates the

14   "monopoly on criminal prosecutions" she complains about, it is the California

15   Constitution itself that creates exclusive prosecutorial discretion in the Attorney

16   General and district attorneys.

17       The Attorney General, as the head of the California Department of Justice, is

18   vested with discretionary power in determining whether to investigate or prosecute

19   in any particular case.  *See* Cal. Const. art. V, § 13; Cal. Gov't Code §§ 12510 and

20   12511.  The California Constitution establishes that "the investigation and

21   prosecution of crimes is an executive branch function, supervised by the state

22   Attorney General and executed by the state's district attorneys."  *Gananian v.*

23   *Wagstaffe*, 199 Cal. App. 4th 1532, 1541, 1542 (2011) (citing Cal. Const. art. V,

24   § 13).  The allocation of constitutional authority to the Attorney General is

25   consistent with the equal-protection clause of the very same California

26   Constitution.  The bar on private citizens bringing prosecutions extends to all

27   Californians operating in their private roles.  No private citizen– neither Plaintiff,

28   nor a District Attorney, nor Defendant– can bring their own private criminal

12

Becerra Notice of Mot. and Mot. to Dismiss; Memo. P & A (2:20-cv-04525-JAK(PVCx))

prosecution against another citizen; such suits can only be brought by "public prosecutors" operating in that "impartial" public role.  Cal. Gov't Code § 26500; *People v. Superior Court*, 19 Cal. 3d 255, 267 (1983).  This bar applies across the board, not differently between two "similarly situated groups."  *Manduley*, 27 Cal. 4th at 568.  Plaintiff's equal-protection claims fail accordingly, and amendment of the complaint will not cure the above fatal legal defects.  The claims should be dismissed with prejudice.

### B.   The Complaint Fails to State a Claim Under Marsy's Law.

As noted previously, the California Constitution grants explicit and exclusive prosecutorial discretion to the executive branch of government, with the Attorney General supervising and district attorneys executing this discretion.  Cal. Const. art. V, § 13; *Gananian*, 199 Cal. App. 4th at 1541-42.  Plaintiff cannot base a claim to enjoin Section 739 and California's monopoly on criminal prosecution on legislative findings and rights under Marsy's Law.

### 1.   Plaintiff Does Not and Cannot Make a Claim Under Marsy's Law Section 28(a).

Plaintiff's third cause of action alleges that "Cal. Penal Code §739 . . . does not promote the purpose of the constitution" noted in the general legislative findings in Marsy's Law Section 28(a).  (Compl. ¶ 220.)  But Section 739 only states that it is the "duty of the district attorney of the county in which the offense is triable to file . . . an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed."  Contrary to Plaintiff's allegations, it does promote the purposes of the constitution set forth in Article V, Section 13, which outlines the powers of the executive branch, and the Attorney General in particular, in matters of criminal investigation and prosecution.  And enjoining Section 739 would not provide the

13

Becerra Notice of Mot. and Mot. to Dismiss; Memo. P & A (2:20-cv-04525-JAK(PVCx))

1  remedy Plaintiff seeks, and would not "promote the purpose of the constitution"

2  under the legislative findings that encompass Section 28(a).

3      Plaintiff's Complaint also fails to state the remaining elements of a claim

4  under Section 28(a), including: (1) the existence of an enforceable right under the

5  Law, and (2) the Defendant's infringement of that right through enforcement of

6  Section 739. *See People v. Bucio*, 48 Cal. App. 5th 300, 313 (2020) (ruling that

7  victims' rights to "finality" did not restrict the Legislature from creating new post-

8  conviction procedures); *People v. Lamoreux*, 42 Cal. App. 5th 241, 265-266 (2019)

9  (ruling that enactment of California Penal Code Section 1170.95 did not violate

10  Marsy's Law because it did not deprive victims of the right to have their safety

11  considered in murder resentencings).

12     The third cause of action does not allege the existence of an enforceable right

13  under Marsy's Law. The provisions referenced in the third cause of action do not

14  lay out specific "personally held and enforceable rights" of the kind "described in

15  paragraphs (1) through (17) of subdivision (b)" that could serve as the basis of

16  judiciable individual claims. Cal. Const. art. I, § 28(a)(3). Instead, they describe

17  some of the "Findings and declarations" of the Californian people in passing the

18  referendum (*id.* art. I, § 28(a)), rather than enforceable individual rights. This is

19  further borne out by Section 28(c)(1), which expressly establishes the enforceability

20  of victim's rights by victims, but also limits the enforcement to the rights set forth

21  in Section 28(b):

22     A victim, the retained attorney of a victim, a lawful representative of the
       victim, or the prosecuting attorney upon request of the victim, may
23     enforce the rights enumerated in subdivision (b) in any trial or appellate
       court with jurisdiction over the case as a matter of right. The court shall
24     act promptly on such a request.

25  Cal. Const. art. 1, § 28(c)(1). Plaintiff has not alleged an enforceable right under

26  Section 28(a).

27     Moreover, Plaintiff has not alleged the Defendant's infringement of a right

28  under Section 28(a) through enforcement of Section 739. She merely alleges the

14

conclusion that "Cal. Penal Code §739, without recognition of the profound failure of the present criminal justice system, does not promote the purpose of constitution." (Compl. ¶ 220.) But a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg*, 18 F.3d at 754. And Plaintiff's conclusion does not square with the fact that Section 739 does promote the purpose of the California Constitution as it applies to the allocation of prosecutorial discretion given the Attorney General and district attorneys. Cal. Const. art. V, § 13; *Gananian*, 199 Cal. App. 4th at 1541-42. Looking at it another way, Plaintiff fails to factually allege how enjoining enforcement of Section 739 would address the broad aspirational statements in Section 28(a). The Complaint therefore fails to state a claim under Section 28(a), as it does not describe how Section 739 or the Defendant's alleged enforcement of that provision infringes in any judicially remediable way upon any personally enforceable right that Plaintiff might have under these subdivisions.

### 2. Plaintiff Does Not and Cannot Make a Claim Under Marsy's Law Section 28(b).

Plaintiff's fourth cause of action is based on the conclusory allegation that "the monopoly on criminal prosecution, without regard to crime victims' fundamental rights, has violated the rights of Plaintiff to be treated with fairness and respect of her dignity." (Compl. ¶ 223.) It is unclear exactly what the claim under Marsy's Law is here, and what specific relief she seeks from the Attorney General in her fourth cause of action, but what is clear is that the "monopoly on criminal prosecution" that is the focus of this claim is mandated by the same constitution. *See* Cal. Const. art. V, § 13. Marsy's Law and the allocation of exclusive prosecutorial discretion to the Attorney General and district attorneys do not conflict. Accordingly, Section 739, which is not mentioned in the fourth cause

15

of action, does not conflict with Section 28(b)(1) of Marsy's Law, the only provision of Mary's Law referenced in the fourth cause of action.  (Compl. ¶ 222.)

Section 28(b)(1) provides that a victim has the right to "be treated with fairness and respect for his or her privacy and dignity, and to be free from intimidation, harassment, and abuse throughout the criminal or juvenile justice process."  Cal. Const. art. 1, § 28(b)(1).  Assuming Plaintiff's status as a "victim" under Marsy's Law, Section 28(b)(1) does not provide a basis for asserting an individual right to bring private criminal prosecutions when a district attorney uses their exclusive, constitutionally-authorized discretion to decide not to prosecute a case.  Plaintiff's claim connects in no way with Defendant or his alleged enforcement of Section 739.

## C.   Plaintiff's Complaint Fails to State a Judiciable Prayer for Relief.

Finally, while Plaintiff seeks to overturn Section 739 so as to have the ability as a "private citizen[] to initiate criminal prosecution," (Compl. at 36, Prayer for Relief ¶ 3), enjoining Section 739 will not allow private citizens to initiate criminal prosecutions.  Again, this discretion is reserved for the Attorney General and district attorneys throughout the state by the California Constitution.  Cal. Const. art. V, § 13.  Enjoining Section 739 will not change the mandate of the Constitution.

Furthermore, the text of Section 739 does not affirmatively prohibit private citizens from initiating criminal complaints, and does not pertain to the rights of citizens with regard to criminal prosecutions, rather, it states that it is the "duty of the district attorney of the county in which the offense is triable to file . . . an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed."  Cal.

16

Becerra Notice of Mot. and Mot. to Dismiss; Memo. P & A (2:20-cv-04525-JAK(PVCx))

Penal Code § 739.  Again, enjoining this statute will not mean private citizens can file an information or charge a defendant criminally.

Moreover, Plaintiff could in fact "initiate" the criminal prosecution process by presenting her evidence directly to a magistrate rather than through a prosecutor and the police, a right she already has under state law.  *MacCoy*, 278 F.2d at 40.

And contrary to the statement in the Complaint that she "has no adequate remedy at law" (Compl. 212), she can pursue civil tort claims for damages as a result of assault and battery injuries (*see, e.g.,* Cal. Code Civ. Proc. § 335.1 (an individual can file "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another," within two years from the date of the intentional act)), which she acknowledges in her complaint. (Compl. ¶ 16 ("A tort victim can initiate an action against their infringer . . . .").)

Plaintiff makes an additional plea that the Court compel the Defendant to appoint experienced prosecutors to file criminal charges against her alleged attackers.  (Compl. at 36, Prayer for Relief ¶ 2.)  For the reasons set forth above, she does not have standing to request such relief; however, as noted previously, she can already access a magistrate directly to levy a criminal complaint.  *See* Cal. Penal Code § 849(a); *MacCoy*, 278 F.2d at 40 (9th Cir. 1960) ("Here we interpret the California Penal and Government Codes to authorize the district attorney to present or lay a complaint before a magistrate as to a possible felony, but not to exclude or prohibit the same act when performed by a private citizen.").

Enjoining Section 739 will not effect the relief she is seeking.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed, without leave to amend.

17

Becerra Notice of Mot. and Mot. to Dismiss; Memo. P & A (2:20-cv-04525-JAK(PVCx))

1   Dated:  June 29, 2020                    Respectfully Submitted,

2                                            XAVIER BECERRA
                                             Attorney General of California
3                                            MICHELLE M. MITCHELL
                                             Supervising Deputy Attorney General
4
                                             /s/ Chad A. Stegeman
5                                            CHAD A. STEGEMAN[3]
                                             Deputy Attorney General
6                                            *Attorneys for Defendant Xavier
                                             Becerra, in his official capacity*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[3] The Attorney General's Office acknowledges law student M. Henry Ishitani, Yale Law School, J.D.-Ph.D. Candidate, for his substantial contribution to this brief.

18

# CERTIFICATE OF SERVICE

Case Name: **_Doe, Jane v. Gavin Newsom, et al._**   Case No.  **2:20-cv-04525-JAK-PVC**

I hereby certify that on <u>June 29, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT BECERRA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 29, 2020</u>, at San Francisco, California.



_____     _____
M. Mendiola                          Signature
Declarant

SA2020301727
42247315.docx