UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV20-04525 JAK (PVCx) | Date | March 26, 2021 |
|---|---|---|---|
| Title | Jane Doe v. Gavin Newsom, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT XAVIER BECERRA'S NOTICE OF MOTION AND MOTION TO DISMISS (DKT. 16);

PLAINTIFF'S MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION (DKT. 17);

DEFENDANT XAVIER BECERRA'S EVIDENTIARY OBJECTIONS (DKT. 39); AND

DEFENDANT NEWSOM'S JOINDER IN BECERRA'S MOTION TO DISMISS AND MOTION TO DISMISS (DKT. 61)

**JS-6: CASE TERMINATED**

On May 20, 2020, Jane Doe ("Doe" or "Plaintiff") brought this action against Xavier Becerra and Gavin Newsom ("Becerra" and "Newsom," and, collectively, "Defendants"). Dkt. 1 ("Complaint"). The Complaint seeks declaratory and injunctive relief for alleged violations of four constitutional rights : (i) the Equal Protection Clause of the United States constitution; (ii) the Equal Protection Clause of the California Constitution; (iii) violation of Art. I, § 28(a)(8) of the California Constitution; and (iv) violation of Art. 1, § 28(b) of the California Constitution.

On June 29, 2020, Becerra filed a Motion to Dismiss. Dkt. 16 (the "Motion to Dismiss"). On August 27, 2020, Plaintiff filed an Opposition. Dkt. 53 (the "MTD Opposition"). On September 17, 2020, Becerra filed a reply. Dkt. 60 (the "Becerra MTD Reply"). On September 18, 2020, Newsom joined in the Motion to Dismiss and raised new arguments. Dkt. 61 (the "Newsom Motion"). Plaintiff filed an opposition on September 25, 2020. Dkt. 63 (the "Second Opposition"). Newsom filed a reply on October 2, 2020. Dkt. 64 (the "Newsom Reply").

On June 29, 2020, Plaintiff filed a Motion for Preliminary and Permanent Injunction. Dkt. 17 ("the Preliminary Injunction Motion"). On August 10, 2020, Becerra filed an opposition, which Newsom joined. Dkt. 38 (the "Preliminary Injunction Opposition"); Dkt. 62 (joinder in motion). Plaintiff filed a reply on August 31. Dkt. 56 (the "Preliminary Injunction Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04525 JAK (PVCx) | Date | March 26, 2021 |
|---|---|---|---|
| Title | Jane Doe v. Gavin Newsom, et al. | | |

On August 10, 2020, Becerra filed evidentiary objections to materials submitted by Plaintiff in support of the Preliminary Injunction Motion. Dkt. 39 (the "Evidentiary Objections"). Plaintiff filed a response to the Evidentiary Objections on August 31, 2020. Dkt. 57.

Pursuant to L.R. 7-15, it was determined that the issues presented by the Motions could be decided without a hearing, and the Motions were taken under submission. Dkt. 67. For the reasons stated in this Order, the Motion to Dismiss and the Newsom Motion are **GRANTED**. Because Plaintiff does not have standing to pursue her claims, the Motion for a Preliminary Injunction is **DENIED**. The Evidentiary Objections to the materials submitted in support of the Preliminary Injunction Motion are **MOOT**.

**I.      Background**

   A.      Parties

Jane Doe is a resident of Los Angeles County. Dkt. 1 ¶ 8. She is proceeding in this action under that pseudonym. *See* Dkt. 5 (granting request for protective order and to file under a pseudonym).

Defendant Gavin Newsom is the Governor of the State of California, and is being sued in his official capacity. Dkt. 1 ¶ 9. Defendant Xavier Becerra was the Attorney General of California at the time the action was filed, and was also being sued in his official capacity. *Id.* ¶ 10.

   B.      Allegations in the Complaint

The Complaint alleges that Cal. Penal Code § 739 precludes private persons from instituting criminal proceedings, thereby leaving crime victims without a remedy when prosecutors decline to bring charges against a prospective defendant. Dkt. 1 ¶ 1. Plaintiff alleges that California law enforcement agencies, including the Los Angeles County District Attorney's Office, the Contra Costa County District Attorney, and the District Attorney's Office of Sonoma County, fail to prosecute rape cases, and that this reflects a "persistent pattern of indifference toward and disregard for the safety of rape victims by law enforcement personnel." *Id.* ¶¶ 26-35, 39. It is further alleged that low rates of arrests and prosecutions are motivated in part by animus towards women reporting rape. *Id*. ¶ 40. The Complaint further alleges that South Carolina, Maryland, and Georgia have procedures that permit private citizens to initiate criminal proceedings. *Id*. ¶¶ 44-46.

The Complaint also alleges that Plaintiff was the victim of rape, and accuses Edward Weamer ("Weamer") and Carlos Suarez ("Suarez") of this conduct. *Id*. ¶¶ 61, 63, 121-22. It is alleged that Plaintiff filed subsequently reports with the Cotati Police Department, the Concord Police Department, and the El Monte Police Department. *Id*. ¶¶ 67, 124-125. It is further alleged that the police officers who interviewed Plaintiff did not take her reports seriously. *Id*. ¶¶ 74-75, 80, 86-88, 93-96, 125-138, 196. It is then alleged that Plaintiff experienced similar treatment when her case was transferred to the Los Angeles County Sheriff's Department. *Id*. ¶¶ 143-174. It is also alleged that the Contra Costa District Attorney's Office, the District Attorney's Office of Sonoma County, and the Los Angeles County District Attorney's Office failed to take Plaintiff's reports seriously and declined to prosecute Weamer or Suarez. *Id*. ¶¶ 101-120, 175-185.

   C.      Relief Sought by Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04525 JAK (PVCx) | Date | March 26, 2021 |
| Title | Jane Doe v. Gavin Newsom, et al. | | |

Plaintiff seeks three forms of relief: (i) a declaration that Cal. Penal Code § 739 is unconstitutional under the federal and California constitutions; (ii) an injunction barring Defendants from enforcing § 739 against private citizens who initiate criminal prosecutions; and (iii) an injunction granting affirmative relief, *i.e.*, requiring Defendants to appoint prosecutors who will file criminal charges against Weamer and Suarez. Dkt. 1 at 36. In the Preliminary Injunction Motion, Plaintiff also seeks an injunction compelling Newsom to sign an executive order permitting private individuals to institute criminal proceedings. Dkt. 17 at 13.

**II.     Legal Standard**

    A.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

A challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be brought as a facial challenge to the pleadings or based on proffered evidence. See *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual."). In the former, the moving party asserts that the allegations of a complaint are insufficient to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Courts must accept the allegations of the complaint as true in considering such a challenge, *i.e.*, facial attacks are reviewed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. If a factual challenge is made, the district court may "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*.

    B.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading that states a claim must state facts sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may bring a motion to dismiss a cause of action that fails to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04525 JAK (PVCx) | Date | March 26, 2021 |
|---|---|---|---|
| Title | Jane Doe v. Gavin Newsom, et al. | | |

unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this policy is to be applied "with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), allowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

   C.  Motion for a Preliminary Injunction

"A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Niu v. United States*, 821 F. Supp. 2d 1164, 1168 (C.D. Cal. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). The party seeking a preliminary injunction must establish: (1) it is likely to succeed on the merits of its underlying claims; (2) it is likely to suffer irreparable harm unless the requested relief is granted, *i.e.*, for the time period between granting the relief and the hearing on the preliminary injunction; (3) the balance of the equities between the parties tips in its favor; and (4) and an injunction is in the public interest. *See Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

The Ninth Circuit applies a "sliding scale" approach to the assessment of applications or motions for temporary restraining orders and preliminary injunctions. Thus, "a stronger showing of one element may offset a weaker showing of another." *Pimental v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Likelihood of success on the merits is "the most important factor" in determining whether interim, injunctive relief is warranted. *Environmental Protection Information Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). If the moving party fails to make this showing, the court "need not consider the remaining three [Winter elements]." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937 (9th Cir. 2013)).

**III.**  **The Motion to Dismiss**

   A.  Positions of the Parties

Defendants argue that Plaintiff lacks standing because, "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" Dkt. 16 at 13 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Defendants add that Plaintiff's request to enjoin the application of Cal. Pen. Code § 739 would not provide her a remedy for her claimed injuries, because other statutes and constitutional provisions provide that public officials have the exclusive authority to make decisions as to whether to initiate criminal proceedings. *Id.* at 16.

Plaintiff argues that because Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), rather than Fed. R. Civ. P. 12(b)(1), standing cannot be addressed. Dkt. 52 at 13. Plaintiff further argues that *Linda R.S.* should be limited to its facts, and that subsequent decisions by circuit courts support her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04525 JAK (PVCx) | Date | March 26, 2021 |
| Title | Jane Doe v. Gavin Newsom, et al. | | |

claim. *Id.* at 14-15.

    B.    Analysis

        1.    <u>Basis for the Motion</u>

The Becerra Motion was not brought pursuant to Rule 12(b)(1). However, "subject-matter delineations must be policed by the courts on their own initiative[.]" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Accordingly, to serve party and judicial efficiency, the Motion is construed as one brought under Rule 12(b)(1). *See Collazo v. Fed. Nat. Mortg. Ass'n Corp.*, No. CV13-0975 MMM (JPRx), 2013 WL 2317798, at *3 n.17 (C.D. Cal. May 28, 2013) (a district court's "inherent power to manage its docket" and its "independent duty to examine its subject matter jurisdiction" permit it to deem a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) as brought under Fed. R. Civ. P. 12(b)(1)); *accord HRPT Props. Trust v. Lingle*, 676 F. Supp. 2d 1036, 1041 (D. Haw. 2009).

        2.    <u>Standing</u>

Because federal courts have limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). "Article III of the Constitution confines the federal courts to adjudication of actual 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id.* at 560 (citation omitted). If a plaintiff lacks standing under Article III, an action must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998); *accord Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61). When a plaintiff seeks injunctive relief, establishing standing under Article III also requires a showing of "real or immediate threat that the plaintiff will be wronged again -- a 'likelihood of substantial and immediate irreparable injury.'" *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).

Standing is not "dispensed in gross." *Oregon Prescription Drug Monitoring Program v. U.S. Drug Enforcement Admin.*, 860 F.3d 1228, 1233 (9th Cir. 2017) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)). Article III requires "a plaintiff to demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.*

        3.    <u>Application</u>

                a)    <u>Whether Plaintiff Has Standing to Compel a Criminal Proceeding</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04525 JAK (PVCx) | Date | March 26, 2021 |
| Title | Jane Doe v. Gavin Newsom, et al. | | |

*Linda R.S. v. Richard D.* held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." 410 U.S. at 619. Therefore, "a citizen lacks standing to contest the policies of the contesting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* Because Plaintiff has neither been prosecuted nor threatened with prosecution, she lacks standing.

Plaintiff argues that the statement in *Linda R.S.* limited to the facts there. This position is not persuasive. The Supreme Court has reaffirmed the holding in *Linda R.S*, stating that "concerns for state autonomy... deny private individuals the right to compel a State to enforce its laws." *Diamond v. Charles*, 476 U.S. 54, 65 (1986). *See also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005).

Decisions by the Ninth Circuit have followed the same approach. *See, e.g.*, *Graves–Bey v. City and Cnty. of San Francisco*, 669 F. App'x 373, 374 (9th Cir. 2016) ("Dismissal of Graves–Bey's request for a criminal investigation and prosecution of defendants was proper because Graves–Bey lacks standing to compel the investigation or prosecution of another person."); *Robinson v. Cunan*, 489 F. App'x 187, 187 (9th Cir. 2012) ("[T]o the extent that Robinson seeks the issuance of an arrest warrant or to compel the prosecution of another person under 18 U.S.C. §§ 241 and 242, he lacks standing."); *Tia v. Criminal Investigation Demanded as Set Forth*, 441 F. App'x 457, 458 (9th Cir. 2011) ("The district court properly denied Tia's request for a criminal investigation into the alleged RICO conspiracy because Tia lacks standing to compel an investigation or prosecution of another person."); *Carr v. Reed*, 316 F. App'x 588, 589 (9th Cir. 2009) ("The district court properly determined that Carr lacked standing to challenge the Commission on Judicial Conduct's alleged failure to consider his complaints against judges and justices of the State of Washington because 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'"); *Larry v. Uyehara*, 270 F. App'x 557, 558 (9th Cir. 2008) ("[T]he district court properly dismissed this action because Larry lacks standing to initiate a criminal prosecution."). These memorandum dispositions confirm that the analysis in *Linda R.S.* applies to this action. *See Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ("[M]emorandum dispositions can be cited, and may prove useful, as examples of the application of settled legal principles when a district court or litigant is interested in demonstrating how a given principle operates in practice[.]").

Also unpersuasive is Plaintiff's reliance on *Parkhurst v. Tabor*, 569 F.3d 861 (8th Cir. 2009). There, the Eighth Circuit held that individuals "have standing to sue prosecuting authorities only if the discriminatory treatment they allege implicates the protections of the Fourteenth Amendment." 569 F.3d at 865. *Parkhurst* held that such "protections" only arise when a defendant is "subjected to or threatened with discriminatory prosecution." *Id.* Those circumstances are distinct from claims by alleged crime victims who are seeking action by prosecutors against the alleged perpetrators. A crime victim does not have standing to bring such an equal protection claim. *Id.*; *accord Linda R.S.*, 410 U.S. at 619 ("[A] citizen lacks standing to contest the policies of the contesting authority when he himself is neither prosecuted nor threatened with prosecution.").

Claims of discriminatory treatment by law enforcement may support an action for damages under 42 U.S.C. § 1983. *See Navarro v. Block*, 72 F.3d 712, 715-16 (9th Cir. 1995) (equal protection claim under § 1983 based on alleged practice of treating domestic violence 911 calls differently from other emergency calls); *see also Elliott-Park v. Manglona*, 592 F.3d 1003, 1006-07 (9th Cir. 2010) (unlike

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04525 JAK (PVCx) | Date | March 26, 2021 |
|---|---|---|---|
| Title | Jane Doe v. Gavin Newsom, et al. | | |

prosecutors, who enjoy absolute immunity, police officers may be liable under § 1983 for discriminatory treatment, including arrest decisions). However, this is not the premise of Plaintiff's claims. She contends that alleged crime victims should have the right to overrule decisions by prosecutors not to bring criminal proceedings against alleged perpetrators.

For the foregoing reasons, Plaintiff does not have standing to bring an action seeking to compel Defendants to appoint prosecutors who will charge Weamer and Suarez.

> b) Whether an Injunction that Barred the Enforcement of Cal. Penal Code § 739 Would Provide Redress Plaintiff's Alleged Injuries

Plaintiff contends that Cal. Penal Code § 739 "shut[s] crime victims out of criminal justice system…in a manner that discriminates against them." Dkt. 17 at 4. Specifically, Plaintiff argues that Section 739 creates a "monopoly" on prosecutions, leaving crime victims without a remedy when prosecutors elect not to bring charges against an alleged perpetrator. Section 739 provides as follows:

> When a defendant has been examined and committed, as provided in Section 872, it shall be the duty of the district attorney of the county in which the offense is triable to file in the superior court of that county within 15 days after the commitment, an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed. The information shall be in the name of the people of the State of California and subscribed by the district attorney.

Plaintiff states that this provision is a "blanket prohibition" on private prosecutions, Dkt. 1 ¶ 15, and that it allows "district attorneys, but no one else to lodge a criminal complaint." Dkt. 52 at 8.

An injunction that barred the application of this statute would not appear to provide the remedy sought by Plaintiff, *i.e.*, permitting a person who is not a public official to initiate a criminal prosecution. This statute concerns the obligation of a district attorney to proceed promptly with a decision as to prosecution once certain conditions are met. Further, whether a particular prosecution may proceed is not addressed exclusively by Section 739. For example, Cal. Govt. Code § 26500 provides that "the district attorney is the public prosecutor… [who] shall initiate and conduct on behalf of the people all prosecutions for public offenses." This system of public prosecution is constitutionally mandated:

> The parties to a criminal action are the People, in whose sovereign name it is prosecuted, and the person accused (§§ 684, 685; Govt. Code, § 100); the victim of the crime is not a party (see *People v. Parriera* (1965) 237 Cal. App. 2d 275, 282–283). The prosecution of criminal offenses on behalf of the People is the sole responsibility of the public prosecutor. (Govt. Code, §§ 26500, 26501; see Cal. Const., art. V, § 13.)

*Dix v. Superior Court*, 53 Cal. 3d 442, 451 (1991). Because an injunction that barred the application of Section 739 would not provide the relief Plaintiff seeks, Plaintiff has not shown that her injuries would be redressed by a favorable decision on her claims as pleaded.

Plaintiff also seeks a preliminary injunction that would impose an affirmative obligation on Newsom to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04525 JAK (PVCx) | Date | March 26, 2021 |
| Title | Jane Doe v. Gavin Newsom, et al. | | |

sign an executive order permitting private individuals to institute criminal proceedings. Such an order would grant Plaintiff some relief. However, "[t]o establish Article III redressability, the plaintiffs must show that the relief they seek is… within the district court's power to award." *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020). The Ninth Circuit has explained that when a plaintiff "sues state officials seeking intrusive affirmative relief that is incompatible with democratic principles and where there is no basis for the district court to invoke its equitable power, such relief would…violate principles of federalism." *M.S. v. Brown*, 902 F.3d 1076, 1090 (9th Cir. 2018) (citing R. Fallon, J. Manning, D. Meltzer, & D. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 1086-89 (7th ed. 2015)). *See also Diamond*, 476 U.S. at 65 ("The concerns for state autonomy that deny private individuals the right to compel a State to enforce its laws apply with even greater force to an attempt by a private individual to compel a State to create and retain the legal framework within which individual enforcement decisions are made."). The executive order sought by Plaintiff would clearly constitute such "intrusive affirmative relief," and Plaintiff has not shown that it would fit within the "narrow circumstances" where such relief might be justified. *M.S.*, 902 F.3d. at 1087 and 1088 n.14. Accordingly, she has not met her burden to show that she has standing to seek this relief.

\* \* \*

For the foregoing reasons, the Motion to Dismiss and the Newsom Motion are **GRANTED WITH PREJUDICE** , *i.e.,* without leave to amend. Although Plaintiff has not had an opportunity to amend the Complaint, doing so would be futile because there is no viable legal basis for her claims. As to compelling the prosecution of Weamer and Suarez, Plaintiff argues that *Linda R.S.* should be limited or overruled. This position confirms that an amendment would be futile, because "it is [the Supreme] Court's prerogative alone to overrule one of its precedents." *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997). The same applies to the request for an affirmative injunction that would require Newsom to issue an Executive Order. A district court does not have the authority to compel such an action.

### IV.   Preliminary Injunction Motion

"A district court may not grant a preliminary injunction if it lacks subject matter jurisdiction over the claim before it." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839, 842 (D. Alaska 2012). Because there is no jurisdiction over this action, there is no basis upon which any injunctive relief can be provided. Therefore, the Preliminary Injunction Motion is **DENIED**.

### V.   Conclusion

For the reasons stated in this Order, the Motion to Dismiss and the Newsom Motion are **GRANTED** without leave to amend, and the Preliminary Injunction Motion is **DENIED**. The Evidentiary Objections are **MOOT**. This action is **DISMISSED WITHOUT PREJUDICE** for lack of standing. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice."). On or before April 4, 2021 after meeting and conferring with Plaintiff, Defendants shall lodge a proposed judgment and state whether Plaintiff has agreed to its form. If the parties have not agreed to the form of the judgment, within seven days after the proposed judgment is lodged by Defendant, Plaintiff shall file any objection(s) in accordance with the Local Rules.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04525 JAK (PVCx) | Date | March 26, 2021 |
| Title | Jane Doe v. Gavin Newsom, et al. | | |

                                                                                :

Initials of Preparer    tj