**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| O. L., AKA Jane Doe,<br><br>    Plaintiff-Appellant,<br><br>    v.<br><br>GAVIN NEWSOM, in his official capacity as the Governor of California; ROB BONTA, in his official capacity as the Attorney General of California,<br><br>    Defendants-Appellees. | No. 21-55362<br><br>D.C. No. 2:20-cv-04525-JAK-PVC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

O.L. appeals pro se from the district court's order denying her motion for a preliminary injunction and dismissing her 42 U.S.C. § 1983 action alleging equal protection and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F.3d 1148, 1154 (9th Cir. 2015). We affirm.

The district court properly dismissed plaintiff's action because plaintiff lacks standing to compel the investigation or prosecution of another person. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (to satisfy the injury-in-fact requirement, a plaintiff must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiff's motion for appointment of counsel (Docket Entry No. 11) is denied.

**AFFIRMED.**